**In re Roy E. WARD and Dana A. Ward, Debtors.**

**Donald Hoagland, Trustee, Plaintiff,**

v.

**Roy E. Ward, Dana A. Ward, John H. Hustava, P.C., John Hustava, Law Offices of William A. Mueller, Michael G. Curry, Prudential Security, Virginia E. Bell, and Allstate Insurance, Defendants.**

Bankruptcy No. 97–60070.
Adversary No. 03–4027.

United States Bankruptcy Court, S.D. Illinois.

Aug. 22, 2003.

Timothy E. Daniels, Elkville, IL, Michael Curry, Mueller Associates, Mt. Vernon, IL, for debtors.

Terry Sharp, Mt. Vernon, IL, for trustee.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Motion for Summary Judgment filed by the Debtors, Roy E. Ward and Dana A. Ward; Defendant Virginia Eileen Bill's Federal Bankruptcy Rule 7056 Motion for Summary Judgment; Motion to Dismiss and/or for Summary Judgment filed by Defendants John A. Hustava, P.C. and John Hustava; and Motion to Dismiss filed by Defendant, Law Offices of William A. Mueller, L.L.C.; the Court, having heard arguments of counsel and having reviewed the written Memoranda filed by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Debtors/Defendants, Roy E. Ward and Dana A. Ward, originally filed for relief under Chapter 7 of the Bankruptcy Code on January 31, 1997. In their Petition for Bankruptcy and Statement of Financial Affairs, the Debtors/Defendants listed two lawsuits, *Ward v. Allstate* and *Ward v. Walmart*, as potential assets of their bankruptcy estate. On March 6, 1997, Trustee, Donald Hoagland, held the first meeting of creditors in the Debtors/Defendants' Chapter 7 bankruptcy, and requested that the Debtors/Defendants provide additional information regarding the lawsuits listed in the Debtors/Defendants schedules and the attorneys who were representing them in the pending lawsuits. In response to the Trustee's requests, a First Amended Financial Statement of Affairs was filed on behalf of the Debtors/Defendants on March 18, 1997, giving the names of the attorneys representing the Debtors/Defendants in the pending lawsuits, giving their phone numbers, and also noting that the matters were scheduled for trial in June 1997.

On April 21, 1997, without further investigation, the Trustee filed a Report of No Assets, and the Debtors/Defendants' Chapter 7 bankruptcy case was subsequently closed, without further administration, on May 13, 1997. Pursuant to 11 U.S.C. § 554(c), the interest of Debtors/Defendants' bankruptcy estate in the pending lawsuits was automatically abandoned to the Debtors/Defendants upon the closing of their Chapter 7 bankruptcy case, and considered administered for the purposes of Section 350 of Title 11.

At some point in time following the closing of the Debtors/Defendants' Chapter 7 bankruptcy case, the Trustee discovered that the pending lawsuits disclosed in Debtors/Defendants' bankruptcy petition had been settled and that the Debtor, Dana A. Ward, had received a sizeable payment as a result. It is not clear from the evidence before the Court when or how the Trustee received this information. However, it is evident that, armed with this information, the Trustee filed a motion to reopen the Debtors/Defendants' bankruptcy case and to vacate his report of no assets on May 2, 2001. The Motion to

Reopen inaccurately stated that the basis for reopening the Debtors/Defendants' bankruptcy case was to pursue administration of undisclosed assets. The Motion to Reopen was allowed without hearing on May 3, 2001. The Trustee has never requested nor received an order vacating or revoking the abandonment of the subject assets.

On April 10, 2003, nearly two years after the reopening of the Debtors/Defendants' bankruptcy case, the Trustee, as Plaintiff, filed the instant adversary complaint seeking turnover of all of the proceeds from the settlement of the pending lawsuits that were previously disclosed in the Debtors/Defendants' Chapter 7 bankruptcy petition. The Trustee/Plaintiff requests recovery based upon Title 11 U.S.C. §§ 549 and 540, of the Bankruptcy Code, the Illinois Fraudulent Transfer Act, and conspiracy to commit bankruptcy fraud. In response to the Trustee/Plaintiff's complaint, the instant Motions for Summary Judgment and Motions to Dismiss have been filed, and oral argument was held on August 8, 2003.

In order to prevail on a motion for summary judgment, the movant must meet the criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See: Donald v. Polk County*, 836 F.2d 376 (7th Cir.1988).

The United States Supreme Court has issued a series of cases which encourage the use of summary judgment as a means of disposing of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Farries v. Stanadyne Chicago Div.*, 832 F.2d 374 (7th Cir.1987). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the non-moving party. *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

Once a motion for summary judgment is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings. Rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. *Also see: Patrick v. Jasper County*, 901 F.2d 561 (7th Cir.1990). All reasonable inferences to be drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Davis v. City of Chicago*, 841 F.2d 186 (7th Cir. 1988).

■ The Trustee/Plaintiff never filed a written response to any of the Motions for Summary Judgment or Motions to Dismiss, nor did the Trustee/Plaintiff file any affidavits or other pleadings, such as depositions, answers to interrogatories, or admissions. At hearing, on August 8, 2003, counsel for the Trustee/Plaintiff argued that the Trustee/Plaintiff was not aware of the need to file responsive pleadings, nor had the Trustee/Plaintiff received this Court's Order of June 25, 2003, continuing the hearing on the motions filed by the Defendants to August 8, 2003, with a further Order giving the Plaintiff to and including five days prior to the hearing date to file a response to the motions to dismiss and/or motions for summary judgment. A review of the record of this adversary proceeding following the August 8, hearing shows that counsel for Trustee/Plaintiff was, in fact, served with this Court's June 25, 2003, Order by electronic mail, and, as such, was aware of the fact that any responses were due on or before August 3, 2003. In this regard, Defendants, Law Offices of William A. Mueller and Michael G. Curry, filed a Motion to Preclude Response to Mueller and Curry's Motion to Dismiss on August 7, 2003, and a Supplement to Motion to Preclude Response to Mueller and Curry's Motion to Dismiss on August 13, 2003, requesting that the Trustee/Plaintiff be precluded from submitting a response presenting any authority in opposition to their Motion to Dismiss, and further that Trustee/Plaintiff's arguments at hearing, on August 8, 2003, be stricken. Additionally, on August 13, 2003, Defendants, John H. Hustava, P.C. and John Hustava, filed a Motion to Strike Oral Arguments Made by Plaintiff at the Hearing on Defendants' Motion for Summary Judgment, in which Defendants noted that the record of this proceeding indicated that the Trustee/Plaintiff's counsel had received the June 25, 2003, Order, and that,

as such, any arguments made by the Trustee/Plaintiff should be stricken. A review of the applicable local rules leads the Court to conclude that it is within the Court's discretion to determine whether the arguments made by Trustee/Plaintiff at hearing on August 8, 2003, should be stricken for the failure to file written responses. Although, pursuant to local rule 9013–3, the Court concludes that the Trustee/Plaintiff, is clearly precluded from filing any written responses, there is insufficient cause to strike the oral arguments made by Trustee/Plaintiff. Trustee/Plaintiff is, however, at a disadvantage, having failed to file any affidavits or other pleadings which would dispute the facts set forth by the Defendants in the pleadings and affidavits which they have filed in support of their Motions for Summary Judgment and Motions to Dismiss.

■ Following a thorough review of the written memoranda filed by the Defendants in this proceeding and the oral arguments made on August 8, 2003, the Court finds that it agrees with all of the arguments advanced by the Defendants in support of their Motions for Summary Judgment and/or Motions to Dismiss. All of the applicable statutes of limitations on the causes of actions advanced by the Trustee/Plaintiff in his Complaint expired long before the filing of the Complaint. The uncontroverted facts in this matter clearly establish that the Trustee was aware of the subject lawsuits prior to the entry of discharge and closing of the Debtors' Chapter 7 bankruptcy case, and that the Trustee had all of the information necessary to enable him to determine whether or not the lawsuits represented assets which were of considerable value to the estate. The fact that the Debtors listed the value of the lawsuits as "unknown" is not troubling. In fact, the Court is not surprised by the fact that the Debtors had

no clear knowledge of the value of the lawsuits prior to the time that they were settled. A simple phone call to the attorneys representing the Debtors in the lawsuits by the Trustee would have revealed the fact that the lawsuits held potential value for the Debtors' bankruptcy estate. The facts presented by the Defendants in their pleadings and affidavits, together with the facts in the Trustee/Plaintiff's own pleadings simply do not support the Trustee/Plaintiff's mere allegations of a grand fraudulent scheme to conceal the proceeds of the subject lawsuits. Thus, the Court must reject the arguments of the Trustee/Plaintiff that the applicable statutes of limitations were tolled by the actions of the Defendants. The case law cited by the Trustee/Plaintiff at hearing, on August 8, 2003, simply does not support a finding by this Court that the statutes of limitations were tolled under the clear facts of the present case.

In addition to finding that all applicable statutes of limitations bar the relief requested by Trustee/Plaintiff in each Count of the Complaint, the Court finds the other arguments advanced by the Defendants to be compelling. Even though it is unnecessary to address those arguments, the Court concludes that the Motions for Summary Judgment and Motions to Dismiss should be allowed on those grounds also. As such, the Court has no choice but to conclude that the Motions for Summary Judgment filed by Defendants, Roy E. Ward, Dana A. Ward, John H. Hustava, P.C., John Hustava, and Virginia E. Bill, must be allowed for the reasons stated therein. The Court also finds that the Motion to Dismiss filed by Defendant, Law Offices of William A. Mueller, L.L.C., must be allowed, and that the oral motion of Defendant, Allstate Insurance, to dismiss made at hearing on August 8, 2003, can be allowed for all of the reasons argued by the other Defendants.